MANSMANN, Circuit Judge,
concurring:
I join in the Court’s decision to affirm the District Court’s denial of summary judgment on the ground that an employee’s constitutional right to be free from “arbitrary, or conscience shocking” injurious conduct by a state instrumentality was clearly established at the time of Mr. Eddy’s injury. I write separately because my analysis diverges from that of my colleagues in two respects.
First, as a technical matter, I would not characterize this Court’s judgment as a reversal in part, notwithstanding our rejection of some of the alternative grounds upon which the District Court relied. The Order under review denied defendants’ motion for summary judgment. This Court today upholds that denial. I would characterize this result as an affirmance on an alternate ground. For the same reason, I would award costs to Eddy, as the prevailing party on appeal.
Second, while I agree with the majority that the defendants’ failure to raise the affirmative defense of qualified immunity prior to the summary judgment stage does not automatically result in a waiver, it appears that the District Court may have based its finding of waiver on appropriate discretionary factors such as lack of diligence and resulting prejudice,[1] rather than on the per se rule properly rejected by the majority. The matter is of little moment at this stage in view of our affirmance on other grounds. If the District Court’s decision was predicated on consideration of the appropriate factors, then it should more clearly articulate its reasoning on remand.

. Cf. Yates v. City of Cleveland, 941 F.2d 444, 449 (6th Cir.1991) (observing that during interval between filing of complaint and delayed assertion of defense, plaintiff "engaged in extensive discovery and invested, one would imagine, a considerable amount in time, money and energy”).